**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DECARLOS FORTE                                                                                      PLAINTIFF

V.                                          4:09CV00703 SWW/JTR

BOBBY BROWN, Major; and
K. BYRD, Faulkner County Sheriff                                                            DEFENDANTS

**ORDER**

In August of 2009, Plaintiff commenced this *pro se* § 1983 action alleging that Defendants Major Bobby Brown and Faulkner County Sheriff Byrd violated his constitutional rights. *See* docket entries #2 and #5.

On September 22, 2009, the Court issued a Recommended Disposition suggesting that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted. *See* docket entry #7. In response thereto, Plaintiff filed a Motion for Leave to File A Second Amended Complaint, which was docketed as his Objections to the Recommended Disposition. *See* docket entry #9.

On November 12, 2009, the Honorable Susan Webber Wright, United States District Judge: (1) adopted the Court's recommendation that Defendants Brown and Bryd be dismissed, without prejudice; and (2) referred Plaintiff's Motion for Leave to File a Second Amended Complaint to this Court for resolution. *See* docket entry #11.

In the current Motion, Plaintiff seeks permission to add three new claims. *See* docket entry #9. First, Plaintiff alleges that, on August 17, 2009, he injured himself when he slipped and fell on a wet floor. *Id.* He further contends that his fall was caused by the *negligent* failure of Defendants

Mathews, Cook, and Ryan to properly instruct, or supervise, the detail crew that was cleaning the floor. *Id.* However, as previously explained to Plaintiff in the September 22, 2009 Recommended Disposition, a § 1983 claim cannot be based upon mere negligence. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 2005).

It is well settled that a court may deny permission to amend a complaint when such amendment would be futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Thus, the Court *denies* Plaintiff's request to add a negligence claim to this action.

Plaintiff also seeks permission to add claims that: (1) Defendants Nurse Mears and Dr. Stewart failed to provide him with adequate medical care for the injuries he sustained during his fall; and (2) Defendants Officers Baker, Green, Dotson, and Waid subjected him to inhumane conditions of confinement by denying his requests for a wheelchair, crutches, and assistance in using the bathroom and showers. *See* docket entries #9. The Court concludes, *for screening purposes only*, that Plaintiff has stated viable claims against these six Defendants.[1] Thus, the Court *grants* Plaintiff's request to add an inadequate medical care claim and an inhumane conditions of

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

confinement claim to this action.

IT IS THEREFORE ORDERED THAT:

1.   Plaintiffs' Objections (docket entry #9), which have been construed as a Motion for Leave to File a Second Amended Complaint, is GRANTED IN PART and DENIED IN PART, as specified herein.

2.   The Clerk is directed to file a copy of Plaintiff's Objections as his Second Amended Complaint.

3.   The Clerk is directed to prepare a summons for Defendants Nurse Mears, Dr. Stewart, Officer Baker, Officer Green, Officer Dotson, and Officer Waid.  The U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, Second Amended Complaint, and this Order upon them without prepayment of fees or costs or security therefor.[2]

Dated this 19th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If any of the Defendants are no longer Faulkner County employees, the individual responding to service shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.